UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

GEORGIY PASKAR,

Petitioner,

v.

TODD BLANCHE, *et al.*,

Respondents.

CASE NO. 2:26-cv-04416-GJL

ORDER GRANTING HABEAS PETITION AND DIRECTING IMMEDIATE RELEASE

On November 13, 2026, Petitioner Georgiy Paskar, a citizen of Ukraine, filed this Petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, seeking immediate release from immigration detention. Dkt. 1. Respondents have filed an "Abbreviated Return," requesting that the Court "decide whether a writ should be granted based on the Petition and related filings."[1] Dkt. 5.

Upon consideration of the Petition, and Respondents' Abbreviated Return, the Court **GRANTS** the Petition (Dkt. 1), and **ORDERS** Respondents to **immediately release** Petitioner from immigration detention.

[1] The Parties have consented to proceed with this matter before a United States Magistrate Judge. Dkt. 3.

## I. DISCUSSION

Petitioner, through counsel, filed a habeas Petition on November 13, 2026. Dkt. 1. Petitioner alleges he and his family last entered the United States without authorization on April 4, 2022, at the port of entry in San Ysidro, California, and were granted "port parole" and served with a Notice to Appear ("NTA"). Dkt. 1 ¶¶ 2, 21. Thereafter, Petitioner was placed in removal proceedings in Immigration Court in Portland, Oregon, and he filed an application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). *Id.* ¶ 22. On July 17, 2024, the Department of Homeland Security ("DHS") and Petitioner jointly moved to dismiss the removal proceedings, which was granted by an Immigration Judge ("IJ") on July 19, 2024. *Id.* ¶ 23.

Since that time, Petitioner and his family continued to live in Gresham, Oregon. *Id.* ¶ 24. Petitioner maintained substantial familial, church, employment, and business ties in Oregon. *Id.*

On October 6, 2026, immigration authorities arrested Petitioner while he was shopping at a Home Depot, and ultimately detained him at the Northwest ICE Processing Center ("NWIPC") in Tacoma, Washington. *Id.* ¶ 25. Petitioner requested a bond hearing, which was held on November 3, 2026. *Id.* ¶ 28. IJ Tammy Fitting denied Petitioner's request for bond, finding him to be a danger to the community based on a 2009 conviction in Oregon that was later set aside, and a flight risk.[2] *Id.* The IJ did not detail the reasons for her findings in the checkbox Order denying bond. *Id.*; Dkt. 1-5, Ex. C (IJ Order, 11/3/2026). In the Petition, Petitioner maintains that, although the period to appeal has not yet expired, requiring him to exhaust an appeal of the

[2] According to the Petition, Petitioner first entered the United States as a refugee when he was about four years old and became a lawful permanent resident, but was convicted in 2009 of Robbery in the Third Degree in an Oregon court. Dkt. 1 ¶¶ 17–18. After completing his sentence, the Oregon court set aside the conviction. *Id.* ¶ 18. Petitioner was ordered removed by an IJ in 2009, and he returned to Ukraine. *Id.* ¶¶ 18–19. Upon his return to Ukraine, Petitioner rebuilt his life, married and raised a family, but fled the country in 2022 after Russia invaded Ukraine and sought protection in the United States. *Id.* ¶ 20.

IJ's decision to the Board of Immigration Appeals ("BIA") will result in irreparable injury. Dkt. 1 ¶¶ 41–42; 60.

With the filing of the instant Petition, Petitioner has exercised his constitutional right to seek habeas relief from detention. *See Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004). The writ of habeas corpus protects the most fundamental of all rights—the right to speedy judicial review into the legality of an individual's detention. *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968). This Court thus possesses the jurisdiction to grant habeas relief to noncitizens who are being detained "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *see also Lopez Marroquin v. Barr*, 955 F.3d 759, 759 (9th Cir. 2020) ("[D]istrict courts retain jurisdiction under 28 U.S.C. § 2241 to consider habeas challenges to immigration detention").

Moreover, the American judicial system is fundamentally adversarial. It depends on the "facts and arguments" presented by the parties; the judge does not "conduct the factual and legal investigation himself." *McNeil v. Wisconsin*, 501 U.S. 171, 181 n.2 (1991). "In both civil and criminal cases, in the first instance and on appeal, we rely on the parties to frame the issues for decision." *United States v. Sineneng-Smith*, 590 U.S. 371, 375 (2020) (citation omitted). Further, "as a general rule, our system is designed around the premise that [parties represented by competent counsel] know what is best for them, and are responsible for advancing the facts and argument entitling them to relief." *Id.* at 375–76 (citation modified).

Here, Petitioner maintains that his detention is governed by 8 U.S.C. § 1226(a). Dkt. 1 ¶¶ 41–42. As a detainee held under § 1226(a), Petitioner contends due process, under the *Mathews* test, compels his release because he was both denied any notice of why he was being detained and denied a detention hearing before a neutral decision maker before he was detained. *Id.* ¶¶

29–40; 65–66. Petitioner also contends the IJ's bond determination was reflective of an abuse of discretion and devoid of any reasoned or individualized analysis. *Id*. ¶¶ 41–49; 67–69. As relief, Petitioner seeks immediate release. *Id*. at 20–21.

After the Petition was filed, on November 16, 2026, the Court issued its standard Scheduling Order directing Respondents to show cause by November 30, 2026, why the writ should not be granted. Dkt. 2. Respondents filed an Abbreviated Return that states, in total, "Pursuant to this Court's Scheduling Order (Dkt. No. 2), Federal Respondents submit that immigration officials re-detained Petitioner after previously having been released from immigration detention. Federal Respondents request that this Court decide whether a writ should be granted based on the Petition and related filings. Dkt. No. 1." Dkt. 5 at 1.

The Government has full access to the relevant facts concerning Petitioner's detention, yet the Abbreviated Return offers no factual or legal basis to rebut his Petition. Under these circumstances, the Court construes the Petition as intentionally unopposed. *See Singh v. Mullin*, No. 2:26-cv-4134-KKE, 2026 WL 3409217, at *2 (W.D. Wash. Nov. 10, 2026).

Petitioner has stated a plausible claim to habeas relief under the Due Process Clause. *See* Dkt. 1. In the absence of a response from the Government offering argument to the contrary (*see* Dkt. 5), the Court **GRANTS** the habeas Petition (Dkt. 1) and will **ORDER** Petitioner's release from custody.

## II. CONCLUSION

For the foregoing reasons, the Court **ORDERS** as follows:

1) The Petition for writ of habeas corpus (Dkt. 1) is **GRANTED**.

2) Within **ONE day** of this Order, Respondents must **release** Petitioner Georgiy Paskar from custody and restore his previous release conditions, if any.

3) Upon his release, Respondents must return to Petitioner any personal property, including any personal identification document (other than a passport) and any employment authorization document.

4) Petitioner's counsel shall **FILE** a status report by **November 27, 2026**, confirming that Petitioner Georgiy Paskar has been released.

Dated this 24th day of November, 2026.

Grady J. Leupold
United States Magistrate Judge